UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACY H. HARLESS, | ) |
|       Plaintiff, | ) |
| vs. | ) No. 1:16-cv-00494-TAB-TWP |
| NANCY A. BERRYHILL[1] Acting Commissioner of the Social Security Administration, | ) |
|       Defendant. | ) |

**ORDER**

## I.  Introduction

In reviewing Plaintiff Tracy H. Harless's opening brief, the Court experienced a sense of déjà vu.  Harless's entire argument section mirrors that from *Woytsek v. Berryhill*, No. 1:16-CV-491-TAB-TWP, 2017 WL 562329, at *2 (S.D. Ind. Feb. 13, 2017).  Attorney Patrick Mulvaney represented Woytsek, and also represents Harless.  Mulvaney presents the same three arguments that he did in *Woytsek,* mostly word for word—that the ALJ erred at step three, failed to summon a medical expert, and erred at step five.  There is one difference.  At least in *Woytsek*, Mulvaney pointed to some evidence in his argument.  Here he does not.  The result, however, is the same.  As in *Woytsek*, Harless's brief in support of appeal [Filing No. 25] is denied and the Commissioner's decision is affirmed.

---

[1] Nancy A. Berryhill is substituted for Carolyn W. Colvin as the proper Defendant pursuant to Fed. R. Civ. P. 25(d).

**II.     Background**

On February 3, 2012, Harless filed an application for Disability Insurance Benefits. On March 3, 2014, Harless turned 45 years old and filed an application for Supplemental Security Income. Both applications alleged disability beginning September 14, 2011, and both applications were denied initially and upon reconsideration. Harless requested reconsideration, attended a hearing with his attorney, and testified before an ALJ, along with a medical expert, and Vocational Expert.

The ALJ issued an opinion on September 4, 2014, concluding that Harless became disabled on March 3, 2014, and is only disabled for purposes of SSI. Harless is not disabled for purposes of DIB because he became disabled after December 31, 2011, his date last insured . At step one, the ALJ found that Harless has not engaged in substantial gainful activity since the date of the application. At step two, the ALJ found that Harless's severe impairments include diabetes with associated neuropathy, coronary artery disease with high blood pressure, arthritis and degenerative disc disease of the lumbar spine, obesity, mood disorder, and antisocial personality disorder. At step three, the ALJ found that Harless's impairments do not meet or equal a listing.

At step four, the ALJ found that as of September 14, 2011, the date Harless alleges he became disabled, Harless has the RFC to perform sedentary work with the following limitations:

> he can lift, carry, push, and pull ten pounds occasionally and five pounds frequently. He can stand and walk two hours in an eight-hour workday. He can sit six hours in an eight hour workday. He can occasionally stoop, balance, crouch, craw, kneel, and climb stairs and ramps. He can frequently handle and finger bilaterally. He can occasionally perform overhead work with his right arm. He should not work around hazards such as unprotected heights or unguarded dangerous moving machinery. He should not climb ladders, ropes, or scaffolds. He can have only occasional, superficial interaction with the public.

[Filing No. 14-2, at ECF p. 20.] The ALJ found that Harless is unable to perform his past relevant work as an auto repair claims adjustor, general construction worker, service writer, counter parts person, or welder.

Beginning with Harless's 45th birthday on March 3, 2014, his age category changed to an individual closely approaching advanced age. At step five, the ALJ relied on Medical-Vocational Rule 201.14 to find that once Harless entered this age category, there was no longer work he could perform and he was therefore disabled. [Filing No. 14-2, at ECF p. 30.] However, prior to March 3, 2014, the ALJ relied on the testimony of a VE to find that Harless was able to perform the jobs of a dispatcher, coupon scanner, and order clerk. The ALJ concluded Harless was therefore not disabled prior to March 3, 2014, but became disabled on that date. [Filing No. 14-2, at ECF p. 30.]

The ALJ found Harless is only disabled for purposes of SSI. The ALJ denied Harless's application for DIB because he was not under a disability between September 14, 2011, the date Harless alleges he became disabled, through December 31, 2011, his date last insured. The ALJ's decision became final when the Appeals Council denied Harless's request for review. This appeal followed.

### III.    Standard of review

The Court's review of the ALJ's decision is limited to deciding whether the findings of fact are supported by substantial evidence and whether there was an error of law. *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008). The Court reviews the entire record but does not reweigh the evidence or resolve conflicts in the

record; nor does the Court make credibility determinations or substitute its own judgment for that of the ALJ. *Stepp*, 795 F.3d at 718; *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). The ALJ need not mention every bit of evidence in the record, but he must build a "logical bridge" between the evidence and his conclusions. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012); *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

**IV.     Discussion**

Despite the many differences between their claims for disability, Harless has one thing in common with Woytsek—counsel. It is efficient for a disability benefits attorney to create exemplar arguments to fit individual circumstances. *Williams v. Astrue*, No. 1:09-CV-1577-DML-RLY, 2011 WL 2532905, at *4 (S.D. Ind. June 24, 2011). However, Harless's counsel is particularly notorious for re-using arguments: "Mr. Mulvany's briefs in social security disability cases also routinely consist primarily of boilerplate used from one case to the next, which many times is not sufficiently tied to the facts and issues of the particular case." *Id.* Here, Mulvaney's use of boilerplate arguments reaches a new level. Remarkably, the medical evidence in Harless's case is not tied to these boilerplate arguments in the opening brief. Counsel provided a statement of facts about Harless's medical background, but failed to argue its meaning. Counsel made the same word-for-word, boilerplate arguments in the same order as in *Woytsek*, but upon deleting *Woytsek*'s discussion of the record, he failed to put Harless's in its place. Presently before the Court is a factual background followed by a recitation of case law with broad boilerplate arguments that the ALJ erred. It is not clear how counsel intended the facts to support the arguments.

The only changes Harless's counsel made to the first argument that the ALJ erred at step three are Plaintiff's name, page numbers of the ALJ's opinion, and the names of some

impairments. Harless removed the discussion on *Woytsek*'s medical evidence. In its place, Harless merely states, "he ignored all of the psychiatric examination and treatment evidence proving disability dated before 2012." [Filing No. 25, at ECF p. 12.] Categorically, this is the type of evidence Harless should have presented to the Court, along with an analysis of why it requires remand. But Harless fails to tie-in any medical evidence in his argument and fails to provide any analysis. "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). "Nor are they archaeologists searching for treasure." *Jeralds ex rel. Jeralds v. Astrue,* 754 F. Supp. 2d 984, 985 (N.D. Ill. 2010). The Court will not overturn an ALJ's decision without reason. This undeveloped argument is therefore waived.[2] *Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013).

Harless's second argument, that the ALJ failed to summon a medical expert, is also identical to its counterpart in *Woytsek*, except the citation now points to the three pages of the present ALJ's step three discussion. In *Woytsek*, the Court found the ALJ relied on a medical expert. *See Woytsek*, 2017 WL 562329, at *2 ("This argument is difficult to reconcile with the above analysis of the evidence the ALJ relied on to determine equivalency."). So too here, Dr. Salt, a medical expert, opined that Harless did not have a medically determinable mental impairment during the time period at issue. [Filing No. 14-3, at ECF p. 53.] What is more, Dr. McKenna is a medical expert that attended the hearing and testified about Harless's impairments before the ALJ. Harless does not suggest any medical findings might change Dr. Salt's opinion or undermine Dr. McKenna's presence at the hearing. Thus, Harless's argument fails.

---

[2] Despite minimal discussion in the opening brief, Harless presents some arguments about the evidence of record for the first time in his reply brief. Were the Court to deem these arguments are not waived, they would nevertheless fail on the merits because none of the evidence is dated within the narrow time period at issue here, between the onset date in September 2011 and the date last insured in December 2011.

Harless's third argument is also identical to that from *Woytsek*, except the citation now aligns with the present ALJ's step five discussion and the ALJ's moderate finding is social functioning. Also, the instant brief excludes *Woytsek*'s two-paragraph discussion on unskilled work. Identically, Harless argues that "the ALJ's limitation of the work did not address the impact of the claimant's mental limitations as stated in detail in the treating psychiatrist's evaluations assessing GAFs in the totally disabled range of 50." [Filing No. 25, at ECF p. 17.] In *Woytsek*, the Court found the GAF score of 50 does not prove disability. Not only does the same still hold true, Harless's GAF score is dated February 9, 2011, which is outside the critical time period at issue here, between the onset date in September 2011 and the date last insured in December 2011. [Filing No. 14-8, at ECF p. 114-15.] Therefore, this argument fails.

**V.     Conclusion**

Harless has in no way demonstrated that the ALJ failed to build a logical bridge from the evidence to his conclusion that Harless is not disabled. The brief Mulvaney filed in this case stands out, but only for its lack of substance. The Court declines to issue sanctions *sua sponte*, but Harless's counsel could face potential sanctions upon filing similar briefs without substance in other cases. Ultimately, the Court agrees with the Commissioner that the ALJ did not commit reversible error. Accordingly, the Court denies Harless's brief in support of appeal [Filing No. 25] and affirms the Commissioner's decision.

Date: 2/21/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov